## A99A0158. VERSICO, INC. v. ENGINEERED FABRICS CORPORATION.
### (520 SE2d 505)

SMITH, Judge.

We granted the application of Versico, Inc. for interlocutory appeal in this action brought by Engineered Fabrics Corporation ("EFC") for breach of the warranty, issued by Versico's predecessors in interest to EFC's predecessors in interest, covering a roofing system installed on buildings in Rockmart now occupied by EFC. We find no error in the trial court's detailed and well-reasoned order denying Versico's motion for summary judgment and granting partial summary judgment to EFC on the issue of liability, and we affirm the judgment.

The roofing system was installed on the buildings in 1986 by a roofing contractor, using materials manufactured by the Goodyear Tire & Rubber Company. At that time, Goodyear also owned the buildings in issue, which were occupied by its wholly owned subsidiary, Goodyear Aerospace Corporation. Goodyear issued a ten-year warranty on its materials. Goodyear later sold its Engineered Fabrics Division, including the facility in Rockmart, to Loral Corporation, which sold it to Opus Acquisition Company in 1989. Opus assigned

its assets and contract rights to EFC. Similarly, Goodyear sold its roofing systems business to Carlisle Companies in March 1993. Versico, Inc., a new corporation, was formed to handle this business.

The record shows that the roofing installed in 1986 never performed properly. It began leaking almost immediately, and Goodyear honored the warranty by inspecting the premises and carrying out repairs when called upon to do so first by Goodyear Aerospace, then Loral, and finally EFC. After Versico became responsible for the business, it, too, responded to warranty claims and continued to perform repairs. This continued until October 27, 1995, when Versico informed EFC that it would no longer honor the warranty. Further requests were ignored or refused, and EFC filed this action against Versico in April 1996 for breach of the warranty.[1]

Versico answered, admitting jurisdiction and venue but denying liability. Versico moved for summary judgment on several grounds: that Versico was not a party to the express warranty and therefore owed EFC no contractual obligation; that similarly, EFC was not a party to the warranty contract and lacked standing to enforce it; and that EFC's claim under the warranty was barred by the applicable statute of limitation. The trial court denied Versico's motion for summary judgment on these grounds, finding an ambiguity in the provisions of the purchase and sale agreement between Goodyear and Versico and applying the rules of contract construction to find that it was the intention of the parties that Versico carry out Goodyear's obligations under the warranties it had issued.

The court also denied Versico's motion on the statute of limitation ground, finding that the applicable statute of limitation was four years, under OCGA § 11-2-725 (1), and that the limitation period did not begin running until October 12, 1995, when notice was given by EFC of damage and Versico refused to make repairs under the warranty. The trial court's order also found that the evidence had established Versico's contractual obligation to honor the warranty issued by Goodyear, as well as its breach by Versico when it refused to repair or replace the roofing system in October 1995, and that the only issue remaining for jury resolution was that of damages.

1. Versico first contends the trial court erred in ruling sua sponte on the issue of liability. It is well established that a trial court may do so, and it may also grant summary judgment to the nonmoving party. The only restriction on such a grant of summary judgment is that it must be proper "in all other respects." See, e.g., *Generali — U. S. Branch v. Southeastern Security Ins. Co.*, 229 Ga. App. 277, 278 (1)

---

[1] EFC's complaint also stated claims for strict liability and breach of an implied warranty for fitness for a particular purpose, but these were later dismissed by EFC.

(493 SE2d 731) (1997). "This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment." (Citations and punctuation omitted.) *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). Versico maintains that entry of judgment against it was improper in this case because it had no opportunity to respond and present evidence on this issue.

This contention is belied by the record. Versico itself made assertions in the trial court that served as solemn admissions in judicio on this issue. See generally *Jabaley v. Jabaley*, 208 Ga. App. 179 (1) (430 SE2d 119) (1993). In its brief in support of its motion for summary judgment, it admitted that the roofing system has leaked continuously since the date of installation and that EFC and its predecessors in interest have "never had a roof that was leak-free or maintenance free." In the "Statement of Material Facts as to Which it Contends There is No Genuine Issue," filed in conjunction with the motion for summary judgment, Versico alleged that the fact that the leaking began "[i]mmediately after the roofing systems were installed" and that the leaking had continued were undisputed. In that document, Versico also admitted as undisputed that it had made several attempts to repair the roofs after March 15, 1993, and that it wrote the letter to EFC on October 27, 1995, indicating it would make no further repairs. Although Versico now claims these were not "admissions" but merely statements to the court of EFC's contentions for purposes of the motion for summary judgment, the record shows that while Versico at times listed some of EFC's contentions, the statements referred to here, as well as others, were admitted by Versico in its pleadings without qualification of any sort. See *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517-518 (1) (434 SE2d 63) (1993).

Such an admission in judicio may be considered for purposes of summary judgment, *Walker*, supra at 518, and it "cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion." (Citation and punctuation omitted.) *McCoy v. West Building Materials*, 232 Ga. App. 620, 621 (502 SE2d 559) (1998). The effect of the admission is to relieve an opposing party from presenting any evidence as to that fact issue. It "is conclusive; it is binding upon the party and estops the party from denying the admission or introducing any evidence to controvert such an admission, even if the admission is not true." (Citations and punctuation omitted.) *Jabaley*, supra. See also *McCoy*, supra.

*McClendon v. 1152 Spring Street Assoc.*, 225 Ga. App. 333 (484 SE2d 40) (1997), and *Aycock v. Calk*, 222 Ga. App. 763 (476 SE2d 274) (1996), cited by Versico, do not require a different result. Both

cases affirm the general principles discussed above. They are, however, distinguished factually from this case, in that in those cases the nonmoving parties did not bring forward the evidence supporting the sua sponte grant of summary judgment and did not have an opportunity to respond because the issue had never been raised. In addition, those parties were not estopped or otherwise foreclosed from controverting the evidence supporting the grant of summary judgment. Because Versico itself provided the trial court with evidence sufficient to support a summary judgment against it and no notice to Versico was necessary since Versico was estopped by its admissions in judicio from contesting those admissions, the trial court did not err in making a ruling on the merits as to liability.

2. Versico next contends the trial court erred in finding an ambiguity in the contract between Versico and Goodyear, in applying the rules of contract construction, and in concluding that EFC was an intended third-party beneficiary of that contract.[2] We do not agree.

The "Agreement for Purchase and Sale of Assets" between Goodyear, Carlisle Corporation, and Versico contains two provisions that the trial court found were in apparent conflict, creating an ambiguity. Section 3.1 of the agreement provides that

> As payment of the consideration due seller . . . by purchaser
> . . ., purchaser agrees to assume and to pay and/or perform,
> in accordance with their respective terms from and after the
> closing date, each of the following (and only the following)
> obligations or commitments of seller to the extent (and only
> to the extent) that they relate to the business[:] . . . (b) . . .
> all product liability, including but not limited to product
> warranty liability, relating to all roofing products . . . sold
> by seller prior to the closing ·date. Purchaser shall also per-
> form all warranty service obligations of seller relating to
> roofing products . . . sold by seller prior to the closing date.

Section 8.4 provides simply that "[n]othing created in this agreement, whether express or implied, is intended to confer upon any person not a party to this agreement any rights or remedies under or by reason of this agreement."

The trial court's order correctly recites that it is for the court to determine the construction of a contract, at least initially. Even when

---

[2] We note that Versico raises more than one issue in this enumeration, in violation of the requirement in OCGA § 5-6-40 that each error alleged be set out separately. In such cases, it is within this court's discretion to elect to review none, or any one or more, of the asserted errors. *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (2) (487 SE2d 91) (1997). Because we cannot, in this case, address any one of these errors without touching upon the others, we elect to review all the asserted errors together.

an apparent ambiguity exists, the contract raises no jury question unless the ambiguity remains after applying the rules of contract construction. *CareAmerica v. Southern Care Corp.*, 229 Ga. App. 878, 880 (1) (494 SE2d 720) (1997). The cardinal rule of contract construction is to ascertain the intent of the parties. OCGA § 13-2-3. The trial court applied this rule.

No doubt existed that the language of § 3.1 (b) shows the parties intended for Versico to take over Goodyear's obligations with regard to roofing warranties already issued. The evidence showed that the purchase and sale agreement had been negotiated based upon the expected expenditures for work on outstanding warranties and that a reserve fund had been set up for Versico to use in meeting its obligations under the warranties. The court also noted that Versico had itself informed warranty holders to direct their repair requests under the warranties to Versico and had actually performed warranty work for EFC. The court therefore concluded that the intention of the parties was for Versico to perform all warranty work on the outstanding Goodyear warranties.

The court then reconciled § 8.4 of the agreement with this intention by concluding that it does not include any existing warranty holders in its purview. This was merely the application of another rule of contract construction providing that when specific provisions in a contract are applicable, they prevail over any conflicting general language. See, e.g., *McDuffie v. Hoobler*, 203 Ga. App. 325, 328 (416 SE2d 853) (1992). We conclude, therefore, that the trial court's procedure and reasoning were in accord with the rules of contract interpretation, and we find no error in the conclusion reached.

3. In its final enumeration, Versico asserts that the trial court erred in finding that EFC's claim for breach of warranty was not barred by the applicable statute of limitation. We find no merit in this enumeration.

The trial court found that the parties agreed this case involved a sale of goods; the relevant statute of limitation therefore was four years, under OCGA § 11-2-725 (1). Relying upon *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426 (241 SE2d 184) (1977), Versico argued that the limitation period had expired, because it commenced running upon the first notification to Goodyear almost immediately after installation that the roofing system was malfunctioning. EFC, on the other hand, relied upon *Space Leasing Assoc. v. Atlantic Building Systems*, 144 Ga. App. 320 (241 SE2d 438) (1977), in support of its position that the limitation period commenced when Versico informed it that the warranty would no longer be honored.

The trial court found that Versico breached the warranty when it refused to repair on October 27, 1995, and that this breach "related back" to October 12, 1995, the date on which EFC last notified Ver-

sico of damage before Versico's refusal to make repairs. The court ruled that the statute therefore commenced running on October 12, 1995, and that EFC's complaint had been filed within four years of the accrual of EFC's cause of action, as required by OCGA § 11-2-725 (1).

Versico contends that regardless of whether *Benning* or *Space Leasing* is followed, EFC's complaint was time barred. We need not address whether the complaint was time barred under *Benning*, because that case is distinguishable on its facts and is inapplicable here. In *Benning* and in *Clonts v. Scholle*, 172 Ga. App. 721, 722 (324 SE2d 496) (1984), cited by Versico, the warrantors never attempted to make repairs under the warranty. When, as here, the warranty includes a provision for replacement or repair, it is logical that a different rule applies. As stated in *Ford Motor Co. v. Gunn*, 123 Ga. App. 550 (181 SE2d 694) (1971), upon which the court in *Space Leasing* relied, such warranty

> contemplates that the warrantor shall have an opportunity to remedy defects. Thus the warranty is not instantly breached if the [product] is found on delivery or at some time thereafter within the warranty period to have a defective part or operational deficiency. The language of the warranty provides that in such event the manufacturer . . . will replace or repair . . ., and do what is necessary to bring the [product] to normal at no cost to the purchaser. . . . [I]t is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty.

Id. at 551 (1). In *Space Leasing*, this court held, therefore, that although a breach of warranty generally occurs upon the delivery of goods under the Uniform Commercial Code, when an agreement exists to repair or to replace the goods, the warranty will not be deemed breached until and unless the warrantor refuses or fails to repair. Id. at 325 (4).

In this case, because the warranty included an agreement to replace or repair, no breach occurred until Versico refused to perform further repairs. We find no merit in Versico's argument that the trial court ignored other language in *Space Leasing* to its detriment. We held in *Space Leasing* that it was the refusal to remedy "or a lack of success in the attempts to remedy," that constituted breach of warranty. (Emphasis omitted.) Id. Versico argues that EFC should therefore be penalized for its patience in allowing repeated attempts at warranty repair that were, in the words of Versico, "simply unsuc-

cessful."[3] We decline to adopt this view, particularly in light of Versico's assurance, almost up to the point at which it refused to perform any more repairs, that the repairs would be successful. The trial court correctly ruled that Versico breached its warranty when it refused to conduct further warranty repairs and that EFC's complaint was filed well within the limitation period, which did not commence running until the breach.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 7, 1999 — CERT. APPLIED FOR.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, Ivy S. Duggan*, for appellant.

*Shaw, Maddox, Graham, Monk & Boling, Virginia B. Harman, Thomas H. Manning*, for appellee.

---

[3] Versico also argues that its repair attempts were "subsequent repair attempts" that did not "toll" the statute of limitation, relying upon cases such as *Heffernan v. Johnson*, 209 Ga. App. 139, 140 (433 SE2d 108) (1993), that do not involve breach of warranty and are totally inapplicable.